## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

**SAHAR HAYAT,**

     **Plaintiff**

**v.**                                                          **CA: 3:26-cv-346**

**AMERICAN AUTOMOBILE
ASSOCIATION, INC.,**

**Defendant**

---

### FIRST AMENDED COMPLAINT AND JURY DEMAND

1. Plaintiff, Sahar Hayat, is an individual residing in Plano, Texas.

2. Defendant, American Automobile Association, Inc., ("AAA", otherwise
   pronounced as "Triple A") is a Corporation organized in Connecticut, with a
   principal office in Heathrow, Florida.

### JURISDICTION AND VENUE

3. Subject Matter Jurisdiction is predicated on 28 USC § 1332, as there is
   complete diversity between the adverse parties, and the amount in
   controversy, exclusive of costs and interest, exceeds $75,000.

4. Venue is proper under 28 USC § 1332 as Connecticut is the Defendant's State
   of Incorporation, and it maintains minimum contacts within the State of
   Connecticut.

**FACTS**

5. On or about July 13, 2024, Plaintiff was a passenger in a motor vehicle driving in Marion, Indiana.

6. On that same date and time, the vehicle in which Plaintiff was a passenger in was struck by a third party attempting to take a left-turn.

7. As a result of that collision, Plaintiff, who was pregnant at the time, suffered the following injuries:

   a. Broken sternum;

   b. Multiple broken ribs;

   c. Leg lacerations requiring stitching;

   d. Significant bruising

8. She was brought by ambulance to the Trauma Center at Community North Hospital in Indianapolis, Indiana.

9. The collision, injuries and losses suffered by Plaintiff were due to the negligence and carelessness of an underinsured driver who failed to ascertain that she could not take a left turn when it was unsafe to do so.

10. There were three other individuals in the vehicle with Plaintiff, and all suffered injuries.

11. The most seriously injured was the Plaintiff's mother-in-law, who suffered a fractured neck, fractured ribs, broken sternum, head injuries, lacerated liver, a fractured leg and a hernia.

12. The underinsured driver carried an Indiana auto policy with Auto Owner's Insurance with a combined single limit of $500,000.

13. The driver of Plaintiff's vehicle carried an Indiana policy with underinsured motorist coverage of $100,000 per person, $300,000 per accident.

14. Plaintiff also maintains a policy through her husband with the Defendant, which has underinsured motorist coverage of $100,000/$300,000.

15. Both Indiana, where Plaintiff was injured, and Texas, where she resides, allow for "stacking" of underinsured motorist policies.

16. Because the tortfeasor maintained a combined, single limit policy, this allowed Plaintiff's mother-in-law to retrieve the lion's share of the 3rd party policy, or approximately $493,000, with the other parties each receiving $100 (the carrier had previously deducted property damage prior to bodily injury settlement).

17. Plaintiff and the other passengers each made a claim for underinsured motorist coverage under the driver's policy, with plaintiff and the driver each receiving the policy limit of $100,000.

18. Plaintiff then turned to her own carrier, Defendant, and sought to retrieve the full policy limit of $100,000 of underinsured motorist coverage.

19. Plaintiff was covered by an auto policy issued by Defendant prior to the date of the accident, and the premiums were paid throughout the relevant periods; thus plaintiff was covered under a policy that was in effect and should have provided her with underinsured motorist benefits on or after July 13, 2024.

20. Plaintiff also received $10,000 in PIP coverage.

21. Plaintiff's injuries were communicated to the Defendant, along with her treatment records and medical bills, which exceeded $101,000.

22. These were sent via electronic mail on July 24, 2025 to Defendant.

23. Plaintiff's Counsel attempted multiple times to get a settlement offer and would often go over a month without hearing from the Defendant's adjuster.

24. When communication was made, Defendant's adjuster would claim that she did not have certain information which had already been provided.

25. In the underinsured motorist endorsement to the policy issued to Plaintiff and her husband, Defendant agreed to pay such sums which an insured under the policy is legally entitled to recover as damages from the owner or operator of an underinsured motor vehicle as a result of bodily injury sustained by an insured in an accident.

26. Plaintiff is an insured under the aforementioned policy, and Kimberly Raque was the operator of an underinsured motor vehicle as the term is defined in the policy.

27. Defendant is required to provide underinsured motorist benefits to Plaintiff.

28. Despite the demand of Plaintiff, Defendant, through its adjuster, has failed to even adequately investigate Plaintiff's claim.

29. Despite Plaintiff's demand, Defendant has failed to make a reasonable offer of settlement or pay sufficient compensation to the Plaintiff for her injuries and losses as set forth herein.

WHEREFORE, Plaintiff requests that this Court award Plaintiff Money Damages

plus costs and any other relief available that this Court deems appropriate.

**Plaintiff Demands a Jury**

Plaintiff,
Sahar Hayat,


By:     /s/ Ryan P. McLane
Ryan P. McLane, Esq.
McLane & McLane, LLC
269 South Westfield Street
Feeding Hills, MA 01030
Ph. (413) 789-7771
Fax: (413) 789-7731
CT Juris: 438176